IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FERGUSON, # K-73141 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-947-SMY |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| RODERICK MADDOX, ) | |
| UNKNOWN PARTY DENTIST, ) | |
| and KURTIS HUNTER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have been deliberately indifferent to his serious dental needs. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

According to the complaint, Plaintiff saw a dentist (name unknown) at Shawnee on April 28, 2015, for a painful tooth problem. The dentist told Plaintiff the tooth could be saved with a new filling, and he would be scheduled for this work soon.

By June 13, 2015, Plaintiff still had not been called in for the filling. At that point, the tooth had deteriorated beyond repair, causing Plaintiff a great deal of pain, and it needed to be pulled. Plaintiff was called for a dental visit on June 13, 2015, to have a different tooth extracted, even though that tooth was not causing him any pain. When Plaintiff was examined by the Defendant John Doe Dentist during that visit, he pointed out the bad tooth and said that he needed to have it extracted. The John Doe Dentist confirmed that the bad tooth needed to be

pulled, but said that "it was not his problem" and Plaintiff would have to go back through the sick-call procedure in order to have it extracted (Doc. 1, p. 5). Plaintiff told the Defendant John Doe Dentist that he had already paid his $5.00 co-pay for the bad tooth and had gone through the sick-call procedure to have it fixed, but nothing had been done. He asked the Defendant to pull the bad tooth instead of the other tooth – but the Defendant John Doe Dentist refused. Plaintiff left the clinic that day without having any dental work done.

On June 18, 2015, Plaintiff was called out to go to the dentist, and was informed he would have to pay another $5.00 co-payment in order to be seen. Plaintiff protested that he had already paid for the same problem, and refused to pay again. He was not seen by the dentist that day. Plaintiff filed a grievance over the incident, complaining that he is indigent, and was still being charged over and over again for the same issue due to the policy of Defendant Wexford Health Sources, Inc. ("Wexford"), and the Illinois Department of Corrections ("IDOC").

As of August 10, 2015, Plaintiff was still suffering from the same problems with the decayed tooth. He has never been called for an appointment to fix it, even though he had paid for the work to be done. The long delay has caused him to suffer tremendous pain, loss of sleep, and has made him unable to eat or drink without pain. He includes an affidavit stating that he put in another sick call request on August 13, 2015, seeking treatment for the tooth (Doc. 1, p. 11).

In addition to naming the Defendant John Doe Dentist who refused to pull the painful, decayed tooth on June 13, 2015, Plaintiff sues Wexford and its regional director Roderick Maddox, who oversees the medical/dental employees at Shawnee. He also sues Shawnee Warden Kurtis Hunter, for failing to remedy his problem despite receiving two emergency grievances from Plaintiff (Doc. 1, pp. 7-9). He seeks compensatory and punitive damages (Doc.

1, p. 10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment claim against Defendant John Doe Dentist, for deliberate indifference to Plaintiff's serious dental need to have his decayed tooth extracted on June 13, 2015;
>
> **Count 2:** Eighth Amendment claim against Defendant Warden Hunter, for deliberate indifference to Plaintiff's serious dental need to have his decayed tooth extracted;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Defendants Wexford and Maddox, for allowing their employees to disregard Plaintiff's serious dental needs by requiring multiple co-payments before dental care would be approved.

At this stage, Plaintiff's claims in Counts 1 and 2 shall be allowed to proceed for further review. However, Count 3 fails to state a claim upon which relief may be granted, and shall be dismissed.

**Deliberate Indifference to Serious Dental Needs**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Seventh Circuit has recognized that dental care is

"one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (allegations that an inmate denied his dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, stated a serious medical need).

Notably, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

**Count 1 – Deliberate Indifference Claim Against Defendant John Doe Dentist**

Here, Plaintiff's factual allegations show that his decayed tooth presented a serious medical/dental condition. The first dentist Plaintiff consulted on April 28, 2015 (who appears from the complaint to be a different individual than the John Doe Dentist who saw Plaintiff in June) recognized this when he authorized the filling/repair. It is not clear why Plaintiff was not called back for treatment of that tooth, or whether the delay may have been caused by another person not named as a Defendant herein. The Defendant John Doe Dentist became aware of the deteriorated and painful condition of Plaintiff's decayed tooth on June 13, 2015. Although he told Plaintiff that the tooth needed to be pulled, he either could not or would not perform the extraction on that date. Plaintiff was called back for dental work five days later, on June 18, 2015. Plaintiff acknowledges that he refused to pay another $5.00 co-payment on that date, and the complaint indicates that this refusal was the reason why he did not see a dentist that day.

Further factual development will be necessary to determine whether the John Doe Dentist's refusal to pull Plaintiff's decayed and painful tooth on June 13, or any subsequent involvement by this Defendant in Plaintiff's treatment or lack thereof, rose to the level of deliberate indifference to a serious dental need. As noted above, a delay in treatment that prolongs an inmate's suffering may violate the Constitution.

However, it appears from the complaint that some of the delay in care was caused by Plaintiff's own decision on June 18 to refuse to make another co-payment. If Plaintiff's action delayed his treatment, he cannot complain of a constitutional violation for that delay. "The Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Poole v. Isaacs*, 703 F.3d 1024, 1026 (7th Cir. 2012). And an inmate who "opt[s] to refuse treatment rather than part with his money" cannot prevail on an Eighth Amendment claim because "[e]ven though he was in pain until he received treatment, the delay in receiving care was of his own making." *Id.* at 1027.

There are several exemptions from the medical/dental co-payment requirement under the Illinois statute, including for chronic illnesses, for follow-up visits, and for prisoners who meet the statute's definition of indigency. *Id.* at 1027; 730 ILL. COMP. STAT. 5/3-6-2(f). Whether or not a statutory exemption should apply to the co-payment rule is a question of state law, not cognizable in a § 1983 action. Therefore, if Plaintiff claims that he was wrongly assessed a fee, he must pursue the matter in state court.

**Count 1** against the Defendant John Doe Dentist survives threshold review under § 1915A at this early stage. However, before this claim can proceed, Plaintiff must identify the Defendant by name so that he may be served. Defendant Warden Hunter, who is named in

Count 2, is the appropriate person to respond to discovery requests as to the identity of the John Doe Dentist.

**Count 2 – Deliberate Indifference Claim Against Defendant Hunter**

If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). In contrast, a prison official may be found to be deliberately indifferent to a prisoner's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008); *see also Reed v. McBride,* 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act when prison officials repeatedly denied an inmate life-sustaining medication and food). Where a plaintiff informs prison officials that he is being denied access to health care, those officials may be liable under 42 U.S.C. § 1983 for their inaction.

For this reason, the claim against Defendant Warden Hunter in **Count 2** shall proceed at this time, in order to determine whether his alleged inaction in response to Plaintiff's emergency grievances over the lack of dental care amounted to unconstitutional deliberate indifference.

**Dismissal of Count 3 – Defendants Wexford and Maddox**

Defendant Wexford Health Sources, Inc., is a corporation that employs the Defendant John Doe Dentist and provides medical and dental care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a

municipal entity in a § 1983 action).

Plaintiff alleges generally that Defendant Wexford and its Regional Director, Defendant Maddox, allowed their subordinate employees to refuse to provide dental care to Plaintiff unless he paid a co-payment for each visit. He claims that he was unconstitutionally denied treatment because of this policy.

As discussed previously, however, the policy of requiring inmates to pay a small fee in order to receive medical or dental care, which is required under the Illinois statute,[1] is not itself unconstitutional. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Prisoners may avail themselves of the institutional grievance process if they believe a co-payment has been improperly charged, and may take the dispute to state court. However, an inmate may not create a constitutional claim by refusing to pay the fee and then asserting that the denial of treatment amounts to a constitutional violation. For this reason, Plaintiff's claim against Defendant Wexford based on the co-payment policy fails to state a constitutional claim upon which relief may be granted. This claim shall be dismissed with prejudice.

Plaintiff's claim against Defendant Maddox, Wexford's Regional Director, is based on the same co-payment policy. He states that Defendant Maddox "allow[s] the employees under his supervision to enforce [the] policy of charging inmates multiple times to treat [the] same injury or medical/dental need." (Doc. 1, p. 8). As discussed above, this claim cannot be sustained, because the co-payment policy does not violate the Constitution.

Further, even if the actions of an employee under the supervision of Defendant Maddox had violated Plaintiff's constitutional rights, Defendant Maddox would not be liable merely

---

[1] "The Department *shall require* the committed person receiving medical or dental services on a non-emergency basis to pay a $5 co-payment to the Department for each visit for medical or dental services." 730 ILL. COMP. STAT. 5/3-6-2(f) (emphasis added).

because of his supervisory position. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendant Maddox was personally involved in any of the incidents where treatment of Plaintiff's tooth was allegedly denied or delayed. Accordingly, the claim against Defendant Maddox based on the co-payment policy shall also be dismissed.

To summarize, **Count 3** shall be dismissed from this action with prejudice. Defendants Wexford and Maddox shall be dismissed from the action, but without prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **WEXFORD HEALTH SOURCES, INC.,** and **MADDOX** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **HUNTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Dentist until such time as Plaintiff has identified him by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 28, 2015**

                                                          s/ STACI M. YANDLE
                                                        United States District Judge