IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FERGUSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-947-SMY-RJD |
| WEXFORD HEALTH SOURCES, INC, et. al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff James Ferguson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee"). He asserts claims against Wexford Health Sources, Inc., Dr. Thomas Burrell, D.D.S., Dr. Aldridge, D.D.S., Dr. Naroditsky, D.D.S., Beverly Rockwell, Kendra Seip and Kurtis Hunter. In particular, Plaintiff alleges that Defendants were deliberately indifferent to his health in failing to provide adequate dental care in violation of the Eighth Amendment. He is proceeding on the following Counts:

Count I: Defendant Wexford Health Sources, Inc. exhibited deliberate indifference toward Plaintiff's dental needs in violation of the Eighth Amendment, by maintaining a policy or practice to deliberately understaff Shawnee with an insufficient number of licensed dentists to meet the serious medical needs of the inmates and to refuse outside referral;

Count II: Defendants Dr. Burrell, Dr. Naroditsky, and Dr. Aldridge exhibited deliberate indifference toward Plaintiff's serious medical/dental needs in violation of the Eighth Amendment when Defendants failed to timely treat his dental needs;

Count III: Defendants Hunter, Rockwell and Seip exhibited deliberate indifference toward Plaintiff's serious dental need to have his decayed tooth extracted.

This matter is now before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Dr. Burrell and Dr. Narodistky (Doc. 90). Plaintiff filed a timely response (Doc. 97). For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

## Factual Background

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Specifically, Defendants assert that the two grievances Plaintiff filed relating to their treatment, dated July 11, 2015 and June 18, 2015, were not exhausted, and that the only grievance that was exhausted, Grievance #2015-06-39, makes no reference to Dr. Burrell or Dr. Naroditsky.

In Grievance #2015-06-39, Plaintiff complained that despite paying a $5.00 co-payment for an April 28, 2015 dental visit, no dental work was performed (*Id*.). The grievance references the "dental doctor" who examined and performed an x-ray on Plaintiff on April 28, 2015 (*Id*.).

With regard to Plaintiff's June 18, 2015 grievance, the evidence before the Court indicates the grievance was received by the Administrative Review Board ("ARB") on June 24, 2015 (Doc. 97-1 at 4-7). There is no evidence that the grievance was sent to anyone other than the ARB. The ARB denied the grievance on procedural grounds because it failed to include responses from a counselor, grievance officer and the Chief Administrative Officer ("CAO") (*Id*. at 4). The ARB instructed Plaintiff to resubmit the grievance with the missing responses for further review on the merits, if timely. (*Id*.). There is no other documentation concerning the June 18, 2015 grievance.

Plaintiff's July 11, 2015 grievance was received by the ARB on July 15, 2015 (Doc. 97-1 at 2-3). There is no evidence before the Court to show the grievance was sent to anyone other than the ARB. The ARB also denied this grievance on procedural grounds for failing to include

responses from a counselor, grievance officer and the CAO. (*Id.* at 2). The ARB instructed Plaintiff to resubmit the grievance with the missing responses for further review on the merits, if timely. (*Id.*). There is no other documentation concerning the July 11, 2015 grievance.

**Legal Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In deciding a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies is an affirmative defense and the defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). If a plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, the plaintiff has not exhausted, the Court may either allow him or her to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may also request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that a substantial risk of imminent personal injury or other serious or irreparable harm exists, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*.

Inmates are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.[1]

## Discussion

Grievance #2015-06-39 was fully exhausted using administrative remedies. That said, the reference to the "dental doctor" who evaluated Plaintiff on April 28, 2015 cannot be to Dr. Burrell

---

[1] After a careful review of the arguments and evidence set forth in the parties' briefs, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was not necessary.

or Dr. Naroditsky as neither evaluated Plaintiff on that date. Plaintiff admits in his Amended Complaint that he was not seen by Dr. Naroditsky until June 13, 2015 and by Dr. Burrell until July 11, 2015. Because Plaintiff did not see Dr. Narodistky or Dr. Burrell until more than a month after Grievance #2015-06-39 was filed (April 28, 2015), this grievance cannot exhaust Plaintiff's administrative remedies with respect to these defendants.

Plaintiff contends that the June 18, 2015 and July 11, 2015 grievances were filed as emergency grievances with the ARB; that the IDOC Regulations did not require the grievances to be re-submitted for general review; and that therefore, he exhausted the administrative remedies. An inmate may request that a grievance be handled as an emergency. However, the Administrative Code requires that the emergency grievance be filed directly with the CAO, not the ARB. If, after receiving a response from the CAO, the inmate feels the grievance has not been resolved, he may then appeal in writing to the ARB.

Plaintiff failed to file either emergency grievance with the CAO as required. In fact, the ARB sent both grievances back to the Plaintiff so that he could remedy the failure to properly submit the grievances. Plaintiff failed to follow up with either grievance and the ARB did not rule on the merits. Thus, Plaintiff failed to exhaust the administrative remedies available with regard to the June 18, 2015 and July 11, 2015 grievances relating to Defendants Burrell and Naroditsky.

## Conclusion

The Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Burrell and Naroditsky (Doc. 90) is **GRANTED** and these defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATED: February 4, 2018**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**