IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-947-SMY-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff James Ferguson filed an Amended Complaint asserting that his constitutional rights were violated while he was an inmate at the Illinois Department of Corrections' ("IDOC") Shawnee Correctional Center ("Shawnee"). (Doc. 59). He brings this action under 42 U.S.C. § 1983, alleging that Wexford Health Sources, Inc., its employees, and members of the correctional staff at Shawnee violated his Eighth Amendment rights by being deliberately indifferent to his serious dental needs.

Defendants Kurtis Hunter, Beverly Rockwell, and Kendra Seip (collectively, the "IDOC Defendants") filed a Motion for Summary Judgment (Doc. 114). This matter is now before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 117) recommending that the IDOC Defendants' Motion be granted. Plaintiff filed a timely objection (Doc. 120). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED in part**.

As an initial matter, the Court will not adopt the portions of the Report relating to parties that were dismissed after the Report was filed. In particular, Wexford and Dr. Aldridge filed for summary judgment (Doc. 112) and were dismissed voluntarily after the Report was issued

(Docs. 118 and 119). As such, Judge Daly's recommendation that Wexford and Aldridge's Motion be granted is **DENIED as MOOT**.

Since Ferguson filed a timely objection, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has reviewed Judge Daly's Report de novo.

## Background

The following facts are taken from Plaintiff's deposition unless otherwise noted: Plaintiff James Ferguson was an inmate at Shawnee at all times relevant to this lawsuit. (Deposition of Plaintiff James Ferguson, Doc. 113-5 at 2). On April 28, 2015, Plaintiff visited the Dental Department at Shawnee where he was evaluated by Steven Alridge, D.D.S. (Doc. 113-1 at 1). Plaintiff requested the visit because he had a problem with one of his teeth (Doc. 113-5 at 5). Dr. Aldridge ordered an x-ray of Plaintiff's teeth and reviewed the results with Plaintiff in the examination room (Id. at 4). Based on the x-ray results and his examination, Dr. Aldridge informed Plaintiff that tooth #30 could be saved, and Plaintiff was placed on the list to receive a new filling. (Id. at 4). Plaintiff was charged a $5.00 co-pay for the visit. (Id. at 4).

Two days later, Plaintiff submitted a grievance complaining that although an x-ray was taken during the dental visit indicating that he would need a filling, and he paid his co-pay, he

was told he would have to come back on a different date to receive the filling. (Doc. 116-1 at 91). Under "Relief Requested," Plaintiff stated that he would speak to his lawyer about the situation (Id.). The grievance was marked as received on May 6, 2015. (Id.). Defendant Rockwell issued a Grievance Officer's Report on June 10, 2015, stating that Rockwell had reviewed the grievance and spoken to Dr. Dace, DMD, who reviewed Plaintiff's medical jacket. (Id. at 92). According to the medical record, Plaintiff was seen by the dental department on April 28, 2015 and placed on the filling list. (Id.). He was charged a co-pay for the exam, x-ray, and follow-up appointment to restore the tooth (Id.). Rockwell recommended that the grievance be denied. (Id.) The Chief Administrative Officer, Defendant Hunter, concurred with Rockwell's recommendation. (Id.).

Plaintiff filed a second grievance regarding dental treatment on May 11, 2015 in which he complained that he told the dental staff he was in pain but did not receive any pain medication, and that he did not get any work done. (Id. at 93). In the grievance, he states that it is "foolish" to be required to pay the money first and get the work done at a later time (Id.). The grievance was received on May 18, 2015. (Id.). Defendant Seip, a Grievance Counselor at Shawnee, responded to this grievance, stating, "Per Dentist, he was seen by dental 4/28/15 and placed on the filling list. He was charged $5.00 co-pay for the exam, x-ray, and follow-up appointment" (Id.).

On June 13, 2015, Plaintiff was seen by a dentist but he refused treatment. (Doc. 113-5 at 6-7). He submitted an emergency grievance the same day, stating he had received a call pass from the dental office and was told by the dentist that another tooth needed to be removed. (Doc. 116-1 at 96). Plaintiff complained that the dentist (later determined to be Dr. Leo Naroditsky) wanted to pull a tooth that was not the problem, rather than filling the previously-identified

tooth. (Id.). He also complained that he had been left in pain with an untreated tooth for 47 days. (Id.). On June 15, 2015, Defendant Hunter reviewed the grievance, determined it was an emergency, and flagged it for expedited review. (Id.). The grievance was received by Defendant Rockwell on July 7, 2015. (Id. at 95). Rockwell issued a Grievance Officer's Report stating:

> Per Laura LeCrone, offender Ferguson's medical jacket was reviewed. Per the documentation in the medical record he was seen by the dentist on 4/28/15 and was placed on the list for a filling. He was then seen on 6/13/15 by request and at that time it was suggested that a different tooth be pulled, in which he refused. He remains on the filling list. If he continues to have pain/problems with his tooth, he can request NSC until he is seen by the dental clinic. (Id.).

Rockwell recommended that the grievance be denied, and Hunter concurred. (Id.).

On August 12, 2015, Plaintiff submitted another emergency grievance, stating that he was seen by dental on 4/28/15 and 6/13/15, and yet remained on the filling list and was still in pain. (Id. at 98-99). He specifically complained that he has a very painful toothache in the lower part of his mouth and that he has had pain for five months which makes it difficult to chew food and to sleep (Id. at 99). Defendant Hunter reviewed the grievance on August 17, 2015 and determined that it was an emergency and should be expedited. (Id. at 98). The next day, the grievance was received by another Grievance Officer. (Id. at 97). The subsequent report states that Dr. Burrell, DDS, indicated that Plaintiff's tooth was extracted on September 4, 2015. (Id.). The Grievance Officer recommended that the grievance be found moot, and Defendant Hunter concurred. (Id.).

## **Discussion**

The IDOC Defendants argue they are entitled to summary judgment because they were not personally involved in the alleged constitutional violation, and Plaintiff failed to demonstrate that they acted with a sufficiently culpable state of mind. They also claim qualified immunity. Judge Daly found that summary judgment was appropriate on the first two bases, and Plaintiff

has objected to these findings.

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order to succeed on a failure to protect claim, the plaintiff must establish two elements. First, the plaintiff must show that that he "experienced, or was exposed to, a serious harm, [and] that there was a substantial risk beforehand that that serious harm might actually occur." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Second, the plaintiff must show that a defendant was deliberately indifferent to that risk. *Id*. at 913. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual

ways[.]" *Farmer*, 511 U.S. at 842.

Deliberate indifference occurs "where an official realizes that a substantial risk of serious harm to a prisoner exists, but disregards it.... [and] may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) (citations omitted). "[R]equests for relief which have fallen on deaf ears may evidence deliberate indifference[.]" *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997).

If an inmate is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). However, a prison official may be found deliberately indifferent to an inmate's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Here, the evidence demonstrates that the IDOC Defendants lacked personal involvement in the alleged deprivation of rights. None of them ordered or participated in the decision to order the course of treatment that Wexford and its dentists pursued. They simply processed or reviewed Plaintiff's grievances about that course of treatment.

Plaintiff argues that the "turning a blind eye" exception to lay prison officials' right to rely on medical staff applies, because the IDOC Defendants did not contact "relevant people," inquire about his specific place on the filling list, ask Dr. Naroditsky about his thought process at

the June 13, 2015 appointment, or do any follow-up investigation as to when he would get the tooth filled. In order to prevail on this theory, a plaintiff does not have to prove that officials "literally ignored" his serious medical issue, but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes*, 546 F.3d at 524 (quotation omitted). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (quotation omitted).

The undisputed material facts show that the IDOC Defendants inquired into Plaintiff's treatment with the dental staff and were told that he had been placed on the filling list to address the issue. Plaintiff's first two grievances did not claim that he was denied treatment, but that treatment was deferred – specifically, that he had paid his $5 copay and did not want to wait for another appointment to get his tooth filled. Defendants Rockwell and Seip inquired and were told that Plaintiff had been x-rayed and evaluated and placed on the list to get his tooth filled. It was not plainly inappropriate for them to conclude that Plaintiff was receiving adequate care, nor for Defendant Hunter to agree with that interpretation.

Plaintiff's third grievance stated that he was not given a filling at that appointment while being told another tooth should come out. Again, Rockwell inquired and was told that Plaintiff was on the list for treatment. Rockwell and Hunter reasonably relied on the dental staff's statement that Plaintiff was being treated. With respect to the final grievance, Hunter was informed that the problem tooth had been extracted, making the question of when Plaintiff would get his filling moot.

The IDOC Defendants' failure to making searching follow-up inquiries about Plaintiff's exact place on the filling list, when he might expect to have his tooth filled, and why Wexford's

employees made their treatment decisions would not likely constitute negligence. It certainly does not constitute the beyond-reckless mental state required for culpability under the deliberate indifference standard.

For the foregoing reasons, the Court agrees with Judge Daly's findings, analysis and conclusions as to the IDOC Defendants, and **ADOPTS** her Report and Recommendation regarding the claims against them. Accordingly, Defendants' Motion for Summary Judgment (Doc. 114) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff and to close the case.

**IT IS SO ORDERED.**

DATED: November 1, 2018

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**